FILED
AUG 1 2 2008
NF NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. 08 CR 438 |
| ) | Violation: Title 18, United States Code, |
| v. ) | Sections 2 and 1341 |
| ) | |
| JAMES ATHANS, ) | |
| also known as "Meatball," ) | **JUDGE LEINENWEBER** |
| JOSEPH GRILLO, ) | |
| SCOTT CAMPBELL, and ) | |
| JOSEPH DEMICHAEL ) | **MAGISTRATE JUDGE SCHENKIER** |
| ) | |

The SPECIAL FEBRUARY 2008-1 GRAND JURY charges:

1. At times material to this indictment:

    a. Defendant JAMES ATHANS ("ATHANS") operated a vehicle towing business under the name "Collision Towing."

    b. Defendant SCOTT CAMPBELL ("CAMPBELL") owned a 1996 green Volkswagen Passat ("the Passat") and maintained a vehicle theft insurance policy on the Passat through State Farm Mutual Automobile Insurance Company ("State Farm").

    c. Defendant JOSEPH DEMICHAEL ("DEMICHAEL") dismantled stolen vehicles and sold the parts for money.

    d. Defendant JOSEPH GRILLO ("GRILLO") was a close friend of defendant ATHANS and worked with CAMPBELL.

    e. State Farm was in the business of providing insurance coverage to individuals for auto collisions, theft, and personal injuries. An insurance policy with State Farm allowed a policy holder to file a claim with that company if an auto theft occurred.

    f. Individual A was a tow truck driver and employee of defendant ATHANS.

g.   Individual B was defendant CAMPBELL's State Farm insurance agent.

2.   Beginning no later than in or around January 2007, and continuing to on or about June 5, 2008, in Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere:

> JAMES ATHANS,
> also known as "Meatball,"
> JOSEPH GRILLO,
> SCOTT CAMPBELL, and
> JOSEPH DEMICHAEL,

defendants herein, together with others known and unknown, knowingly devised and participated in a scheme to defraud State Farm of money and property and to obtain money and property by materially false and fraudulent pretenses, representations and promises, and material omissions, which scheme is described further below:

3.   It was part of the scheme that defendant CAMPBELL asked defendant GRILLO if he knew of anyone who would be able to take possession of the Passat and either destroy or conceal it so that defendant CAMPBELL could file a claim with State Farm seeking reimbursement for the theft of the Passat.

4.   It was further part of the scheme that defendant GRILLO contacted defendant ATHANS and asked if defendant ATHANS would take the Passat and have it destroyed for defendant CAMPBELL. Defendant ATHANS agreed to tow the Passat and arranged to have defendant DEMICHAEL take possession of the Passat for the purpose of destroying the Passat.

5.   It was further part of the scheme that on or about February 18, 2007, defendant CAMPBELL told defendant GRILLO that he parked the Passat near a police station on the north side of Chicago and asked that defendant GRILLO relay this information to defendant ATHANS. Defendant GRILLO agreed, called defendant ATHANS, and gave him directions to where the Passat was located. Defendant ATHANS then contacted Individual A and told him to tow the Passat.

2

Individual A located the Passat and towed it away. Prior to and during the time defendant ATHANS possessed the Passat, he knew that defendant CAMPBELL wanted his automobile insurance company to believe that the Passat was stolen so that defendant CAMPBELL could seek a claim for reimbursement of the value of the Passat.

6. It was further part of the scheme that the Passat was transported to defendant DEMICHAEL's home, where defendant DEMICHAEL subsequently dismantled and destroyed the Passat, and sold some of the parts for money. At the time defendant DEMICHAEL came into possession of the Passat, he knew that the Passat was either stolen or was going to be reported stolen to law enforcement so that an insurance claim for the loss of the Passat could be made by its owner.

7. It was further part of the scheme that on or about February 21, 2007, defendant CAMPBELL filed a police report and falsely claimed that the Passat was stolen by an unknown person(s) from a location other than where Individual A found the Passat and towed it. Thereafter, defendant CAMPBELL filed a claim with State Farm fraudulently seeking reimbursement for the purportedly stolen Passat. State Farm subsequently paid defendant CAMPBELL approximately $4,078 as reimbursement for the Passat.

8. It was further part of the scheme that defendants and others known and unknown did misrepresent, conceal, hide and cause to be misrepresented, concealed and hidden, the purposes of and acts done in furtherance of the scheme.

9. On or about March 21, 2007, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

SCOTT CAMPBELL,

defendants herein, for the purpose of executing the aforesaid scheme to defraud, and attempting to do so, did knowingly cause to be delivered by a commercial interstate carrier according to the

3

directions thereon an envelope addressed to State Farm Insurance, Individual B, 2602 E. Dempster St., Park Ridge, IL 60068, which envelope contained two checks, and

> JAMES ATHANS,
> also known as "Meatball,"
> JOSEPH GRILLO, and
> JOSEPH DEMICHAEL

defendants herein, did aid and abet CAMPBELL in committing said offense;

In violation of Title 18, United States Code, Sections 1341 and 2.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2008-1 GRAND JURY further charges:

1.      The allegations contained in this indictment are realleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.      As a result of his violation of Title 18, United States Code, Section 1341, as alleged in the foregoing indictment,

SCOTT CAMPBELL,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the offense charged in the foregoing indictment.

3.      The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include but are not limited to all financial benefits and proceeds defendant CAMPBELL received related to his claim to State Farm for $4,078 as reimbursement for the theft of the Passat.

4.      If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

        a.      Cannot be located upon the exercise of due diligence;

        b.      Has been transferred or sold to, or deposited with,

        a third party;

  c.      Has been placed beyond the jurisdiction of the Court;

  d.      Has been substantially diminished in value; or

  e.      Has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

                            A TRUE BILL:

                            _____

                            FOREPERSON

_____
UNITED STATES ATTORNEY